IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

Rock & Roll Off's, LLC

        **Plaintiff,**

v.

Rock & Roll, LLC

        **Defendant.**

CASE NO. 1:24-cv-376

## COMPLAINT

Plaintiff, Rock & Roll Off's, LLC, for and as its Complaint against Defendant, Rock & Roll, LLC alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, false designation of origin, and unjust enrichment under the Lanham Act, 16 U.S.C. §§ 1501, *et seq.* and trademark infringement and unjust enrichment under Alabama law and the common law.

2. Since at least as early as July 2020, Plaintiff, Rock & Roll Off's, LLC has offered rock and debris hauling, commercial trash collection, and rental of trailers, dumpsters, recycling, and storage containers as ROCK & ROLL OFFS.

3. Plaintiff has made significant investment in its business and branding and has enjoyed considerable success. It brings this action to stop Defendant's infringement of its valuable intellectual property rights, including activities that have given rise to actual consumer confusion, mistake, and deception.

1

## PARTIES

4. Plaintiff, Rock & Roll Off's, LLC, is a limited liability company organized under the laws of the State of Alabama with its registered office and mailing address at 1401 Schillinger Road North, Semmes, Alabama 36575. Since at least as early as August 2020, Plaintiff has continuously offered its services under the ROCK & ROLL OFFS mark.

5. Defendant, ROCK & ROLL, LLC, is a limited liability company organized under the laws of the State of Alabama with its registered business and mailing address at 1901 Ridgeline Drive, Mobile, Alabama 36695. Defendant offers and provides dump truck hauling services in the greater Mobile, Alabama area as ROCK & ROLL.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court because this litigation arises under federal law, namely, the Lanham Act. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (Declaratory Judgment Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Defendant ROCK & ROLL, LLC because its principal place of business is within this judicial district, and the acts complained of herein occurred in this judicial district.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTS

### A. PLAINTIFF'S INTELLECTUAL PROPERTY

9. Since at least as early as August 2020, Plaintiff has continuously offered rock and debris hauling, commercial trash collection, and rental of trailers, dumpsters,

2

recycling, and storage containers in the greater Mobile, Alabama area under its ROCK & ROLL OFFS mark.

10. Since its inception, Plaintiff has used ROCK & ROLL OFFS in a prominent and distinctive manner to distinguish the source of its services from those of others and has spent significant effort and money in promoting its services under the Mark.

11. Plaintiff's use of the ROCK & ROLL OFFS mark includes, but is not limited to, vehicle wraps, billboards and other advertising, and dumpsters, trucks, and and portable toilets that feature its distinctive purple and green branding, a sample of which is depicted directly below:



3

12. As a result of Plaintiff's use and promotion of the ROCK & ROLL OFFS mark, Plaintiff has acquired valuable common law rights in ROCK & ROLL OFFS.

13. Through Plaintiff's use and promotion of the ROCK & ROLL OFFS Mark, the public has come to know and recognize ROCK & ROLL OFFS as a designation identifying Plaintiff as the source of quality hauling, trash, and and storage rental services.

14. Accordingly, the ROCK & ROLL OFFS Mark has developed and represents valuable goodwill, which rightfully belongs exclusively to Plaintiff.

15. The federal government has recognized Plaintiff as the owner of ROCK & ROLL OFFS. As shown on Exhibit A, Plaintiff owns U.S. Trademark Registration No. 6781008 for ROCK & ROLL OFFS and No. 6795780 for  , both registered with the U.S. Patent and Trademark Office, for "Garbage collection; Rental of recycling containers; Rental of storage containers; Trash services, namely, rental of dumpsters; Trash services, namely, rental of dump trailers and roll-off trailers" and "Rental of portable toilets" (hereinafter, the "ROCK & ROLL OFFS Marks").

16. The State of Alabama has also recognized Plaintiff as the owner of ROCK & ROLL OFFS. Plaintiff owns Alabama State Trademark Registration No. 132-753 for ROCK & ROLL OFFS for "Garbage collection; Rental of recycling containers; Rental of storage containers; Trash services, namely, rental of dumpsters; Trash services, namely,

4

rental of dump trailers and roll-off trailers." The Alabama Secretary of State registered Plaintiff's mark on October 8, 2024, and Plaintiff has attached a copy hereto as Exhibit B.

17. Plaintiff's federal and state trademark registrations supplement the common law rights it has acquired through actual commercial use of its Marks since at least as early as August 2020.

18. Through its use and registration, Plaintiff has developed enforceable statutory and common law rights in the ROCK & ROLL OFFS Marks.

**B.    DEFENDANT'S INFRINGEMENT**

19. On or around October 2023, and without Plaintiff's consent, Defendant began offering overlapping services, namely, dump truck hauling services, using a nearly identical and confusingly similar mark, namely, ROCK & ROLL. See Exhibit C.

20. Plaintiff and Defendant offer identical and overlapping services in the same geographic area, namely, the greater Mobile, Alabama metro area, further heightening the risk of consumer confusion.

21. Indeed, Plaintiff learned of Defendant through actual consumer confusion. Plaintiff has received, and continues to receive, phone calls, messages, and customer comments confusing Defendant's services with Plaintiff's services.

22. Shortly after learning of Defendant, Plaintiff reached out through counsel to resolve this matter.

23. Defendant failed to respond to Plaintiff's efforts to resolve this matter outside of court.

24. In adopting and using ROCK & ROLL to offer identical or related services in the same geographic area as Plaintiff, Defendant has acted and continues to

5

act with wanton disregard for Plaintiff's rights and with the willful intent and purpose of improperly taking or benefiting from the favorable reputation and valuable goodwill that Plaintiff has established in the ROCK & ROLL OFFS Marks.

25. Defendant's actions have caused and continue to cause its services to be passed off as made, authorized, sponsored, endorsed by or otherwise connected or associated with Plaintiff.

26. Defendant's actions have caused and continue to cause confusion and mistake, and to deceive consumers and others as to the source of, origin, nature, characteristics, and quality of the goods and services offered by Defendant.

27. Defendant's refusal to cooperate with Plaintiff's attempts to resolve this matter leaves Plaintiff with no option but to seek relief from this Court.

## COUNT I
### Federal Trademark Infringement
### 15 U.S.C. § 1114

28. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

29. Since at least as early as August 2020, Plaintiff has continuously used ROCK & ROLL OFFS and its accompanying logo,  , which includes the ROCK & ROLL OFFS mark on the hat, in commerce as service marks to identify the source of its services.

30. Plaintiff commercially uses the Marks in a prominent and distinctive manner to identify itself as the source of quality hauling, trash, and container rental services.

31. Plaintiff's use of the Marks in commerce includes, but is not limited to, their inclusion on Plaintiff's vehicles and portable toilets, as depicted directly below:





7

32.     Consumers have come to associate the Marks with Plaintiff's services through Plaintiff's commercial use of the Marks. As a result of this association, Plaintiff has engendered significant goodwill in the Marks.

33.     Because of Plaintiff's use of the Marks in commerce, Plaintiff owns valid and enforceable rights in the ROCK & ROLL OFFS Marks for hauling, trash, and container rental services.

34.     Despite Plaintiff's prior use of the ROCK & ROLL OFFS Marks and without Plaintiff's consent, Defendant began offering identical or related services using a nearly identical and confusingly similar mark, namely, ROCK & ROLL.

35.     Upon information and belief, Defendant began offering services on or about October 2023.

36.     Defendant has used and continues to use ROCK & ROLL in commerce to identify the source of its services.

37.     Defendant uses the ROCK & ROLL mark in commerce, including on its vehicles, as depicted directly below:



38. Defendant has deliberately and willfully attempted to trade on the hard-earned goodwill in Plaintiff's name and Marks and the reputation established by Plaintiff in connection with its services, as well as to confuse consumers as to the origin and sponsorship of Defendant's services.

39. As Plaintiff's direct competitor, Defendant offers its identical or related services to the same consumers as Plaintiff in overlapping channels of trade.

40. Defendant's conduct has deprived Plaintiff and continues to deprive Plaintiff of the ability to control the consumer perception of its services, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

41. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its Mark before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

43. As a result of Defendant's conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in the ROCK & ROLL OFFS Marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT II
### Unfair Competition and False Designation of Origin
### 15 U.S.C. § 1125(a)

44. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. Defendant's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Plaintiff and its services in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

46. Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its services in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation as symbolized by its ROCK & ROLL OFFS Marks, for which Plaintiff has no adequate remedy at law.

47. Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its Mark before the acts complained of herein. The knowing, intentional, and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

48. As a result of Defendant's conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its Marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy

at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III
### Common Law Trademark Infringement

49. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if they were fully set forth herein.

50. Plaintiff has used its ROCK & ROLL OFFS Marks in commerce continuously since at least at early as August 2020, and consumers have come to associate the Marks with services provided by Plaintiff. As a result of this association, Plaintiff has engendered significant goodwill.

51. Plaintiff is thus the owner of valid and enforceable rights in the ROCK & ROLL OFFS Marks for use in connection with hauling services and storage container and portable toilet rental services.

52. Defendant's use of ROCK & ROLL in commerce to identify its services, which are similar or identical to Plaintiff's services, is confusingly similar to Plaintiff's ROCK & ROLL OFFS Marks.

53. Defendant's use of a confusingly similar mark is likely to, and has caused, consumer confusion as to the source of the services provided by Defendant and therefore constitutes trademark infringement.

54. Defendant's actions have harmed Plaintiff's valuable intellectual property rights, have damaged Plaintiff's goodwill, and have caused Plaintiff to suffer damages that are not calculable in monetary terms.

55. If Defendant is not enjoined by this Court, Defendant will continue its acts of infringement set forth above, thereby deceiving the public, trading on Plaintiff's

goodwill and causing Plaintiff immediate and irreparable harm, damage, and injury. Plaintiff has no adequate remedy at law for the irreparable harm.

## COUNT IV
### Common Law Unfair Competition

56. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if they were fully set forth herein.

57. Defendant's subjective and knowing intent to mislead consumers as to the source of its services is likely to, and has caused, consumer confusion as to the source of the services provided by Defendant.

58. Defendant's misconduct has caused Plaintiff competitive injury, namely, both economic and reputational harm.

59. Defendant's acts complained of herein constitute unfair competition in violation of Alabama state common law.

## COUNT V
### Alabama Statutory Trademark Infringement
### Ala. Code § 8-12-1, et seq.

60. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

61. Plaintiff has used its ROCK & ROLL OFFS Marks in commerce continuously since at least at early as August 2020, and consumers have come to associate the ROCK & ROLL OFFS Marks with services provided by Plaintiff. As a result of this association, Plaintiff has engendered significant goodwill.

62. Plaintiff is the owner of valid and enforceable rights in ROCK & ROLL OFFS recognized by the Alabama Secretary of State in issuing Trademark Registration No. 132-753, as shown on Exhibit B.

63. Defendant's use of ROCK & ROLL in commerce to identify and describe its services, which are similar or identical to Plaintiff's services, is confusingly similar to Plaintiff's ROCK & ROLL OFFS Mark, has actually caused confusion and is likely to cause confusion, mistake, or deception in the future.

64. Defendant's use of a confusingly similar mark is causing actual consumer confusion as to the source of the services provided by Defendant and therefore constitutes service mark infringement in violation of Alabama's trademark statute, namely Ala. Code § 8-12-16.

65. As a result of Defendant's conduct, Plaintiff is an aggrieved party entitled to an injunction barring Defendant from use of its confusingly similar mark, an award of all profits earned by Defendant by reason of such wrongful use, and damages no greater than treble the amount of actual damages, under Ala. Code § 8-12-18.

66. As a result of Defendant's conduct, Plaintiff is entitled to an award of attorney's fees as the prevailing party in litigation as provided by Ala. Code § 8-12-18.

## COUNT VI
### Unjust Enrichment Under Common Law

67. Plaintiff realleges and incorporates each allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

68. By virtue of the egregious and illegal acts of Defendant as described above, Defendant has been unjustly enriched in an amount to be proven at trial.

69. Defendant's retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendant and would be contrary to the interests of justice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, including the following:

a. A judgment declaring that Defendant and its officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with it, be enjoined and restrained from:

  i. Using in any manner ROCK & ROLL or any other mark, designation or name that is confusingly similar to or a colorable imitation of ROCK & ROLL OFFS;

  ii. Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers as to the source of the products or services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Defendant;

b. A judgment declaring that Defendant's business constitutes trademark infringement under 15 U.S.C. § 1114, unfair competition and false designation of origin under 15 U.S.C. § 1125 and Alabama state and common law and that its actions were and are willful and deliberate under 15 U.S.C. § 1117;

c. Direct Defendant to provide an accounting of profits made by Defendant as a result of its unlawful conduct;

d. A judgment according to the declaratory relief sought;

14

e. An order awarding Plaintiff the damages it has suffered in addition to Defendant's profits with interest and costs pursuant to 15 U.S.C. § 1117(a) and Ala. Code § 8-12-18;

f. An order awarding treble damages pursuant to 15 U.S.C. § 1117(a) and § Ala. Code § 8-12-18;

g. An order awarding Plaintiff all of the costs and expenses incurred in this action;

h. An order awarding Plaintiff its reasonable attorney's fees under any federal and/or state law to which it is entitled to compensation for reasonable attorney's fees, including but not limited to, 15 U.S.C. § 1117(a), 28 U.S.C. § 1927, Ala. Code § 8-12-18, and the Court's inherent power and authority;

i. Enter such other further relief to which Plaintiff may be entitled as a matter of law or equity or which the Court determines to be just and proper.

Dated:     October 10, 2024

Respectfully submitted,

**ADAMSIP, LLC**

By: /s/Alexa Stabler-Adams
453 Dauphin Street, 2nd Floor
Mobile, Alabama 36602
(251) 289-9787
alexa@adamsiplaw.com
*Attorney for Rock & Roll Off's, LLC*

15